STEPHANIE M. PARENT (OSB #92590)
Pacific Environmental Advocacy Center
10015 SW Terwilliger Blvd.
Portland, OR 97219
Phone (503) 768-6736
Fax (503) 768-6642
parent@lclark.edu
Attorney for Plaintiffs

COBY HOWELL
United States Department of Justice
c/o U.S. Attorney's Office
1000 S.W. Third Avenue
Suite 600
Portland OR, 97204
Phone (503) 727-1023
Fax (503) 727-1117
coby.howell@usdoj.gov
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| WILLAMETTE RIVERKEEPER, an Oregon non-profit corporation and NORTHWEST ENVIRONMENTAL DEFENSE CENTER,<br><br>    Plaintiffs,<br><br> v.<br><br>THE UNITED STATES ARMY CORPS OF ENGINEERS, THE BUREAU OF RECLAMATION, THE NATIONAL MARINE FISHERIES SERVICE, and THE U.S. FISH AND WILDLIFE SERVICE<br><br>    Defendants. | Civil No. 07-CV-1399 PK<br><br>STIPULATED SETTLEMENT AGREEMENT AND ORDER OF DISMISSAL |

STIPULATED SETTLEMENT AGREEMENT AND ORDER OF DISMISSAL    – 1 –

WHEREAS Plaintiffs filed this suit on September 20, 2007, alleging violations of the APA and the ESA, seeking declaratory and injunctive relief, and attorneys fees and costs;

WHEREAS, in 1993, FWS listed the Oregon Chub as endangered under the ESA.

WHEREAS, on or about August 3, 1996, FWS provided the Corps a biological opinion after review of the Corps' Biological Assessment for Oregon chub and operation of the Willamette River Hydro System.

WHEREAS, in 1998, FWS listed the Columbia River populations of bull trout as threatened under the ESA.

WHEREAS, in 1999, NMFS listed the Upper Willamette River Chinook Salmon Evolutionary Significant Unit ("ESU"), Lower Columbia Chinook Salmon ESU, Upper Willamette River Steelhead ESU, and Lower Columbia River Steelhead ESU as threatened under the ESA.

WHEREAS, the ESA requires each federal agency to "insure that any action authorized, funded, or carried out by such agency ... is not likely to jeopardize the continued existence of any endangered species or threatened species or result in the destruction or adverse modification of habitat of such species which is determined by the Secretary ... to be critical." 16 U.S.C. § 1536(a)(2).

WHEREAS, if an agency determines that action it proposes to take may adversely affect a listed species or its critical habitat, it must engage in formal consultation with the Fish and Wildlife Service or the National Marine Fisheries Service ("the Services"), as delegates of the Secretary of Interior and the Secretary of Commerce, respectively. 16 U.S.C. § 1536(a)(2); 50

STIPULATED SETTLEMENT AGREEMENT AND ORDER OF DISMISSAL        – 2 –

CFR § 402.14. .

WHEREAS, section 7 consultation, is initiated when the action agency requests consultation according to the regulations at 50 C.F.R. § 402.14(c). Consultation shall be concluded within the 90-day period beginning on the date on which initiated or within such other period of time as is mutually agreeable to the consulting agency and the action agency. 16 U.S.C. § 1536(b)(1)(A); 50 C.F.R. § 402.14(e). .

WHEREAS, the Corps was authorized by Congress to construct, operate and maintain thirteen major dams in the Willamette Basin: Fall Creek dam on Fall Creek; Fern Ridge dam on the Long Tom River; Cottage Grove dam on the Coast Fork Willamette River; Dorena dam on the Row River; Big Cliff and Detroit dams on the North Fork Santiam River; Green Peter on the Middle Santiam River, Foster Dam on the South Fork Santiam River; Blue River Dam on the Blue River, Cougar Dam on the McKenzie River; and Dexter, Hills Creek, and Lookout Point dams on the Middle Fork Willamette River, collectively known as the "Willamette Project."

WHEREAS, the action agencies submitted the 2000 Final Biological Assessment (2000 BA) to the Services in April, 2000, regarding the effects on listed fish species of the Corps' and BOR's actions in operating the dams and reservoirs and maintaining contracts for water services for the withdrawal of water in the Willamette Basin.

WHEREAS, the 2000 BA concluded that the continued operation of the Willamette Basin Project is "Likely to Adversely Affect" the Upper Willamette River Chinook salmon ESU, Upper Willamette River Steelhead trout ESU, Columbia River bull trout, and Oregon chub, among other species.

STIPULATED SETTLEMENT AGREEMENT AND ORDER OF DISMISSAL        − 3 −

WHEREAS, the Corps and BOR completed a supplemental BA on or about May 31, 2007 and submitted the supplemental BA to the Services on or about June 1, 2007.

WHEREAS, the Corps and BOR submitted to FWS an Addendum to the supplemental Biological Assessment on or about August 20, 2007.

WHEREAS, the agencies have not completed the consultation initiated in 2000, nor have the Services issued a Biological Opinion.

WHEREAS, during those seven years, the Corps has continued to operate the thirteen major dams in the Willamette Basin for multiple uses including water storage, irrigation, flood control, recreation and hydropower. During those seven years the BOR has maintained previously issued water services contracts and issued temporary water service contracts with irrigation districts for the withdrawal of water from the Willamette Basin.

NOW, THEREFORE, without the trial of any issue of fact or law, upon agreement of the Parties, and upon consideration of the mutual promises contained herein,

IT IS HEREBY STIPULATED as follows:

### I. JURISDICTION AND VENUE

1. This action is brought pursuant to the Endangered Species Act, 16 U.S.C. §§ 1540(c) & (g), and the Administrative Procedure Act, 5 U.S.C. §§ 701–706. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 16 U.S.C. § 1540 (c) (the Endangered Species Act) to accept this settlement.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and 16 U.S.C. § 1540(g)(3)(A) because Plaintiff organizations have offices and members who reside in this

district, named Defendants also have offices that reside in this district, and a substantial part of the alleged events or omissions occurred here. This case is properly filed in Portland, Oregon, pursuant to Local Rule 3.4 because a substantial part of the alleged events or omissions occurred in Portland Division counties.

## II. DEFINITIONS

3. Whenever terms listed below are used in this Settlement Agreement, the following definitions shall apply:

    a. "WRK" and "NEDC" shall mean the Plaintiff in this action, Willamette Riverkeeper and Northwest Environmental Defense Center respectively.

    b. "Agencies" shall mean the Defendants in this action, the United States Army Corps of Engineers, the Bureau of Reclamation, the National Marine Fisheries Service, and the U.S. Fish and Wildlife Service.

    c. "Corps" shall refer to the United States Army Corps of Engineers

    d. "BOR" shall refer to the United States Bureau of Reclamation

    e. "Action Agencies" shall refer to the Corps and BOR.

    f. "Party" shall refer to either WRK and NEDC or the federal Agencies as defined above.

    g. "Parties" shall collectively refer to WRK and NEDC and the federal Agencies.

    h. "FWS" shall mean the United States Fish and Wildlife Service.

    i. "NMFS" shall mean the National Marine Fisheries Service, an agency within the National Oceanic and Atmospheric Administration..

STIPULATED SETTLEMENT AGREEMENT AND ORDER OF DISMISSAL — 5 —

j. "Services" shall collectively refer to FWS and NMFS.

k. "Consult" or "consultation" shall refer to the process by which the action agencies consult with FWS or NMFS pursuant to section 7(a)(2) of the Endangered Species Act, 16 U.S.C. §1536(a)(2), and 50 C.F.R. Part 402.

l. "BiOp" shall mean the Biological Opinion for the Willamette Project.

m. "Willamette Project" shall refer to the 13 dams in the Willamette Basin owned and operated by the Corps.

## III. SCHEDULE FOR FEDERAL AGENCY COMPLETION OF THE WILLAMETTE PROJECT BIOLOGICAL OPINION

4. The Services shall provide the action agencies with a Final Biological Opinion on or before Friday July 11, 2008. Within ten (10) days of providing the action agencies the Final BiOp, the Services shall provide Plaintiffs, through their attorney, written notice of the date on which the Services provided the Action Agencies the Final BiOp, along with a copy of the Final BiOp.

5. On or before Tuesday March 11, 2008 the Services shall provide Plaintiffs with a status report on the section 7 consultation process.

6. Defendants represent that they intend to make every effort to comply with the terms of this Stipulation in good faith. If, however, through unforeseen circumstances, events should change after the Stipulation becomes effective, Defendants will notify all other parties of record as soon as reasonably possible of the change and the reason therefor. The parties agree to attempt to work reasonably toward a mutually acceptable solution. In the event a solution is reached, the

parties shall jointly move this Court to amend the Stipulation, as the parties agree that this Stipulation may be amended or modified only by order of this Court. If the parties are unable to agree, the parties reserve the right to seek judicial intervention to enforce, alter, or amend the terms and conditions of this Stipulation.

7.      Based on Defendants agreement to produce a Final Biological Opinion on or before Friday July 11, 2008, Plaintiffs agree to dismiss their First, Second and Third Claims for Relief with prejudice. Nothing in this Stipulation shall preclude Plaintiffs from bringing similar claims in a challenge to the Final BiOp.

### IV. DISMISSAL OF OTHER CLAIMS

8.      Plaintiffs agree to dismiss without prejudice all other claims and shall not be precluded by this Stipulation from bringing the same or similar claims in a future suit.

### V. FEES AND COSTS

9.      The United States agrees to pay, and WRK and NEDC agrees to accept $ 20,000 in full settlement of all claims by WRK and NEDC for its costs of litigation (including reasonable attorneys' fees and expenses) up to and including the date this Stipulated Settlement Agreement is executed by the Parties. Said payment shall be made to WRK and NEDC by electronic transfer to Plaintiffs' attorney's client trust account as follows::

| | |
|---|---|
| Bank name: | Key Bank |
| Bank address: | 3515 SW Troy Street, Portland, Oregon 97219 |
| Routing #: | 123002011 |
| Account #: | 370181011039 |

Name of account:       DBA Stephanie M. Parent Attorney at Law
                       Attorney Escrow Account/IOLTA

Federal Tax #:         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.

This electronic transfer shall be made within a reasonable time period after the Court enters the Stipulated Settlement Agreement.

10.     Plaintiffs reserve the right to seek an award for reasonable attorneys' fees and costs incurred after entry of this Stipulated Settlement Agreement in connection with any disagreement between the Parties concerning the interpretation, proposed modification, or performance of any aspect of this Stipulated Settlement Agreement.  In the event that WRK and NEDC seeks such fees and costs, the Parties shall attempt to reach agreement as to the whether WRK and NEDC are entitled to any fees and costs or an appropriate amount of recovery.  If the Parties are unable to reach agreement, WRK and NEDC may file an application with the Court for such recovery.

## VI. CONTINUING JURISDICTION

11.     The parties agree that this Stipulation may be amended or modified only by order of this Court.

12.     This Court shall retain jurisdiction over this matter and allow this action to be reopened for the purpose of enabling the Parties to this Stipulated Settlement Agreement to apply to the Court for any further order that may be necessary to construe, carry out, enforce compliance and/or resolve any dispute regarding the terms or conditions of this Stipulated Settlement Agreement, and for granting any further relief as the interests of justice may require.

13.     Nothing in this Stipulated Settlement Agreement shall be construed to limit the equitable

STIPULATED SETTLEMENT AGREEMENT AND ORDER OF DISMISSAL         – 8 –

powers of the Court.

## VII. EFFECTIVE DATE

14. This Stipulated Settlement Agreement shall become effective upon the date of its entry by the Court. If for any reason the District Court does not enter this Stipulated Settlement Agreement, the obligations set forth in this Agreement are null and void.

15. This Stipulation is not to be construed as a concession by any party as to the validity of any fact or legal position concerning the claims or defenses in this action.

16. Nothing in this Stipulation shall be interpreted or constitute a commitment or requirement that the agencies to obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341.

17. Nothing in this Stipulation shall be construed to limit or modify the discretion accorded the agencies by law with respect to the procedures to be followed in completing the actions set forth above.

By Permission: /s/ Stephanie Parent
STEPHANIE M. PARENT (OSB #92590)
Pacific Environmental Advocacy Center
10015 SW Terwilliger Blvd.
Portland, OR 97219
Phone (503) 768-6736
Fax (503) 768-6642
parent@lclark.edu

Attorney for Plaintiffs

/s/ Coby Howell
COBY HOWELL
United States Department of Justice
c/o U.S. Attorney's Office
1000 S.W. Third Avenue
Suite 600
Portland OR, 97204
Phone (503) 727-1023
Fax (503) 727-1117
coby.howell@usdoj.gov

Attorneys for Defendants

STIPULATED SETTLEMENT AGREEMENT — 9 —

Based on the foregoing and finding good cause, the Court hereby enters this order incorporating the terms contained herein.  IT IS SO ORDERED.

Dated this 26th day of February, 2008

*Paul Papak*
JUDGE PAUL PAPAK, U.S. MAGISTRATE JUDGE